**Concurring Opinion Filed April 25, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-23-00392-CV

## IN THE INTEREST OF C.J., P.J., AND M.J., CHILDREN

**On Appeal from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54733-2018**

## CONCURRING OPINION

Before Justices Partida-Kipness, Pedersen, III, and Garcia
Concurring Opinion by Justice Pedersen, III

I write separately to raise my concerns about the practical effect of our legally required disposition. So far as I know, Texas Family Code § 153.009 establishes a unique procedure in Texas law. When applicable, the court (as opposed to a party) shall interview in chambers a child 12 years of age or older and may interview in chambers a child under 12 years of age. *See* TEX. FAM. CODE ANN. § 153.009(a). The child is neither placed under oath nor subject to cross-examination. The rules of evidence do not apply. Unlike the rest of the proceeding, this interview is not open to the public. The statutory justification for this procedural unicorn is so that the

child may advise the court as to the child's wishes as to conservatorship or as to the person who shall have the exclusive right to determine the child's primary residence. *See id.* Texas Family Code § 153.009(b) authorizes the court to interview the child in chambers to determine the child's wishes as to possession, access, *or any other issue in the suit affecting the parent–child relationship. See id.* § 153.009(b). A record must be made upon request when the child is 12 years of age or older, and it shall be made part of the record of the case. *See id.* § 153.009(f).

Formality is a necessary feature of our judicial process, but it often makes witnesses, especially children, uncomfortable. Our law reflects conflicted opinions about the proper role of children in litigation. In family law litigation between private parties, children's participation in court tends to be infrequent, and it would be uncommon for a child to give sworn testimony. However, that norm is exactly opposite in child welfare proceedings initiated by the government—there, the Family Code mandates that all children must appear in court and participate in every permanency hearing unless the court specifically excuses the child's attendance. *See id*. § 263.302.

The in-chambers interview process had the potential to offer a more sensitive alternative to calling a child to the witness stand to provide traditional sworn testimony. However, the law now holds that the closed interview amounts to

testimony and evidence, yet is subject to none of the procedural protections afforded to traditional testimony.

Sending a child into a black-robed stranger's office to talk about family dynamics (often to explain which parent he or she likes better) is a fraught enterprise under the best of circumstances. Making a record increases formality, if only to require speakers to avoid talking over one another. Making a record also ensures that the parents will know everything that was said by the child, often placing the child in an impossible position. Our opinion acknowledges that the parents could have told the children enough about their financial situations for the children to reveal a change in circumstances to the judge. I worry this might have the effect of incentivizing parents to tell children inadmissible information about the parents' conflict, in the hopes that a child will reveal the information to the judge outside of the rules of the courtroom. The fact that the interview is occurring guarantees an existing atmosphere of discord between the two people (who should be) closest to the child. Texas law, as construed by this panel, now requires a party to demand a record or hazard waiver of appellate review of the family court's judgment.

The Texas Legislature may consider ameliorative action to address meritorious concerns about the effect of current Texas law. I might suggest defining the issues to which the interview may be legally relevant. For example, a child interview might be excluded as competent testimony or evidence related to child

support, characterization of property, or a just and right disposition of the marital estate. One could credibly argue that children are simply inappropriate sources of "evidence" related to these matters.

Texas statutes are the product of the policy preferences of the people of the State of Texas, as manifested by the finely crafted process of bicameralism and presentment. It is beyond our authority to deviate from the statute's plain language. I am concerned that our decision will have practical consequences that a future Texas Legislature may well address.

230392f.p05

/Bill Pedersen, III/
_____
BILL PEDERSEN, III
JUSTICE